UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: **PARMINDER KAUR**, | : | **Chapter 13** |
| Debtor(s), | : | Case No. **5:22-bk-02052-MJC** |
| | : | |
| **ANDREWS FEDERAL CREDIT UNION**, | : | |
| Movant, | : | **Motion for** |
| v. | : | **Relief from Stay** |
| **PARMINDER KAUR, HARINDER SINGH** and | : | |
| **JACK N. ZAHAROPOULOS, TRUSTEE**, | : | |
| Respondent(s), | : | |

## OBJECTION TO CERTIFICATION OF DEFAULT OF NATIONSTAR MORTGAGE

AND NOW COMES Debtor(s) **PARMINDER KAUR**, by and through their attorneys, J. ZAC CHRISTMAN, ESQUIRE, with Objection to Certification of Default of Nationstar Mortgage, and in support thereof avers:

1. Debtor resolved a Motion for Relief from Stay filed by Andrews Federal Credit Union ("Andrews") via Stipulation Approved on April 10, 2024.

2. Subsequently, on September 9, 2024, Nationstar Mortgage, LLC ("Nationstar"), filed a Transfer of Claim Other Than for Security, effectively transferring the Claim of Andrews Federal Credit Union to Nationstar Mortgage, LLC.

3. Upon receipt of the Notice of Default, Counsel for Debtor communicated with Debtor and discovered that Debtor was confused about the transfer of the mortgage servicing from Andrews to Nationstar.

4. Due to such confusion being typical among consumers, "During the 60-day period beginning on the effective date of transfer of the servicing of any mortgage loan, if the transferor servicer (rather than the transferee servicer that should properly receive payment on the loan) receives payment on or before the applicable due date (including any grace period allowed under the mortgage loan instruments), a payment may not be treated as late for any purpose." 12 CFR §1024.33(c)(1).

5. This confusion was more significant for Debtor because both her first and second mortgages were held by Andrews and Debtor was making ongoing payments to Andrews.

6. Counsel for Debtor requested an extension of time for Debtor to cure the alleged default.

7. While a brief extension of time of eight (8) days was granted, it was insufficient for Debtor to determine the amount of the default and the amount of any funds that should have been paid to Nationstar that were instead paid to Andrews.

8. Debtor files this Objection in Order to obtain a reasonable period of time to determine the amount of any funds that should have been paid to Nationstar that were instead paid to Andrews and attempt to rectify the situation, which might require a request to Andrews to disgorge to Debtor or Nationstar payments that were erroneously paid to Andrews.

WHEREFORE, Debtor(s) **PARMINDER KAUR** respectfully pray(s) this Honorable Court for an Order that the Certification of Default of Nationstar Mortgage, LLC, transferee of the claim subject to the Stipulation between Debtor and **ANDREWS FEDERAL CREDIT UNION,** not result in entry of an Order Granting Relief from Stay until such time as the Court could hold a hearing on the Certification of Default and the propriety of any such Order Granting Relief from Stay, and for such other and further relief as the Honorable Court deems just and appropriate.

Respectfully Submitted,

/s/ J. Zac Christman
J. Zac Christman, Esquire
Attorney for Debtor(s)
538 Main Street, Suite 102
Stroudsburg, PA 18360
(570) 234-3960
zac@jzacchristman.com